IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEROME L. WEINMANN &
SUSAN M. WEINMANN,

       Plaintiffs,

                                Case No. Case No. 13-C-88

v.

DEPUTY PATRICK MCCLONE,

       Defendant.

---

**PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ANY CRIMINAL INCIDENTS AND ANY EVIDENCE OF ILLICIT DRUG USE**

---

Plaintiffs, by their attorneys, move in limine to exclude any criminal convictions or alleged bad acts of Jerome L. Weinmann. Additionally, Plaintiffs move to exclude any evidence of illicit drug use by Jerome L. Weinmann.

**I.     ANY REFERENCE TO THE CRIMINAL RECORD OF PLAINTIFF JEROME L. WEINMANN IS INADMISSIBLE PURSUANT TO FEDERAL RULES OF EVIDENCE 608 AND 609.**

As set forth in Federal Rule of Evidence 609(a)(1), evidence of criminal convictions (punishable by imprisonment in excess of one year) is admissible only when it bears on the witness's character for truthfulness or untruthfulness and the probative value of such evidence substantially outweighs its prejudicial effect. Fed. R. Evid. 609(a)(1) and 403. Pursuant to Federal Rule of Evidence 609(a)(2), evidence of a witness's previous criminal convictions (regardless of punishment) will only be admitted if the "court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Evidence of any conviction occurring more than ten years ago will not be admitted, unless (a) the "probative value supported by specific facts and circumstances, substantially outweighs the prejudicial effect," and (2) "the propopent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair

opportunity to contest its use." Fed. R. Evid. 609(b). "The burden is on the party offering the evidence to prove the status of the crime for which the witness was convicted." 28 Fed. Prac. & Proc. Evid. §6134 (1st ed. & 2011 Update).

Jerome Weinmann was convicted of a violation of Sec. 948.02(1), first degree sexual assault of a child on October 2, 1992. On January 21, 2011, Mr. Weinmann was convicted of a violation of Sec. 941.29(2)(a), felon in possession of a firearm, and Sec. 941.20(1)(b), operate a firearm while intoxicated. None of these convictions have any bearing on Mr. Weinmann's truth-telling abilities or involve crimes of dishonesty or false statements. Also, the sexual assault charge is well outside the permissible time period. The defendant has not and cannot lay the proper foundation pursuant to Federal Rule of Evidence 609(b) for the admission of these old convictions.

## II. ANY REFERENCE TO PLAINTIFF'S CRIMINAL HISTORY IS INADMISSIBLE PURSUANT TO FEDERAL RULES OF EVIDENCE 401 AND 403.

Because none of the Plaintiff's criminal convictions involve dishonesty or false statements, they are subject to analysis under Federal Rule of Evidence 403. The probative value of plaintiff's criminal background – which was unknown to the defendant officer at the time of incident giving rise to this case – is minimal to nonexistent.

Because Deputy McClone was unaware of Mr. Weinman's criminal history on November 12, 2007, he cannot use that evidence as potential justification for the use of force in responding to Mrs. Weinmann's 911 call. Such evidence should be precluded as irrelevant under Federal Rule of Evidence 401. Furthermore, as Mr. Weinmann's subsequent criminal convictions involving the use of a firearm resulted from the events of that night, they are even less relevant as those issues could not possibly have influenced Deputy McClone's decisions on November 12, 2007.

2

Moreover, the danger of unfair prejudice to the plaintiff greatly outweighs any probative value of this evidence. Fed. R. Evid. 403. The risk is that if the jury learns of Mr. Weinmann's criminal convictions, the jurors may conclude that Mr. Weinmann is a bad person overall or conclude that he deserves to have bad things happen to him. That is precisely the type of conclusion that Federal Rule of Evidence 403 seeks to prevent.

**III.      ANY EVIDENCE OF PLAINTIFF'S ALLEGED USE OF ILLICIT DRUGS IS INADMISSIBLE PURSUANT TO FEDERAL RULES OF EVIDENCE 401 AND 403 AS THE DEFENDANT OFFICER HAD NO KNOWLEDGE OF ANY ALLEGED DRUG USE AT THE TIME OF THE POLICE INTERACTION IN THIS CASE.**

Jerome Weinmann's medical records disclosed some presumptive findings of illicit drug use. Any evidence of Mr. Weinmann's alleged use of illicit drugs should be excluded as it is irrelevant and highly prejudicial.

Only relevant evidence is admissible. Fed. R. Evid 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

In excessive force cases, one factor which may be considered is the defendant officer's existing knowledge of and interactions with the plaintiff at the time the force is used. <u>Deering v. Reich</u>, 183 F.3d 645, 650 (7th Cir. 1999). The Fourth Amendment's objective reasonableness standard depends on the information the officer possesses prior to and at the immediate time of the force, evaluated from the officer's perspective at the time, not with 20/20 hindsight. <u>Id.</u>

Additionally, even relevant evidence can be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issue, misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence. Fed. R. Evid. 403. The prejudicial impact amounts to "the likelihood that it will influence the jury to decide a case on improper grounds," and the question is whether the "prejudicial impact

3

is substantial in relation to the evidence's probative value." <u>U.S. v. Tanner</u>, 628 F.3d 890, 902 (7th Cir. 2010). "The more probative the evidence, the more the court will tolerate some risk of prejudice, while less probative evidence will be received only if the risk of prejudice is more remote." <u>Id.</u> citing <u>U.S. v. Torres</u>, 977 F.2d 321, 328 (7th Cir. 1992).

Whether or not Mr. Weinmann used illicit drugs does not make any determinative fact of this case more or less probable. At the time Deputy McClone arrived at Mr. Weinmann's property, he had no knowledge that Mr. Weinmann may have consumed illicit drugs. This could not have factored in to Deputy McClone's decision regarding the appropriate level of force to use when checking up on Mr. Weinmann's welfare. Further, the introduction of any evidence regarding illicit drug use has the sole purpose of attempting to paint Mr. Weinmann as an unsavory character. That is highly prejudicial and outside the bounds of Federal Rule of Evidence 403.

**CONCLUSION**

For these reasons, Plaintiffs request that their motions to preclude any evidence or arguments regarding Jerome Weinmann's criminal history or illicit drug use be granted.

Dated this 15th day of September, 2015.

**PETERSON, BERK & CROSS, S.C.**

By: /s/ John C. Peterson
John C. Peterson
Attorneys for Plaintiffs
State Bar Number: 1010965

**Mailing Address:**
200 East College Avenue
P.O. Box 2700
Appleton, WI 54912-2700
(920) 831-0300
jpeterson@pbclaw.com

4

Case 1:13-cv-00088-WCG     Filed 09/15/15     Page 5 of 5     Document 47